UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARAMIS FOURNIER

                Petitioner,

v.                                 **DECISION AND ORDER**
                                          07-CR-187S
                                          10-CV-933S

UNITED STATES OF AMERICA,

                Respondent.

## I. INTRODUCTION

Presently before this Court is Petitioner Aramis Fournier's Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. (Docket No. 462.) For the reasons discussed below, Petitioner's motion is denied.

## II. BACKGROUND

On January 8, 2008, Petitioner appeared before this Court and pled guilty to a one-count superseding indictment, which charged him with conspiracy to distribute and to possess with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846. (Docket Nos. 122, 127.) The charge carried a possible maximum sentence of ten years imprisonment, a $4,000,000 fine, or both. (Docket No. 122, ¶ 1.)

In the plea agreement, Petitioner and the Government agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was 27, and that Petitioner's criminal history category was I, which resulted in a Guidelines sentencing range of 70 to 87 months, a fine of $12,500 to $4,000,000, and a period of supervised release of five years. (Docket No. 122, ¶¶ 5-11.)

On November 16, 2009, this Court sentenced Petitioner to a term of imprisonment of 30 months, after granting the government's downward departure motions. (Docket No. 391.) This Court also imposed a three-year term of supervised release. (Docket No. 391.) No fine was imposed. (Docket No. 391.) The Clerk of Court filed the judgment on November 19, 2009. (Docket No. 392.) Petitioner did not appeal his conviction or sentence.

On November 17, 2010, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. (Docket No. 462.) Therein, Petitioner maintains that this Court imposed a longer sentence (30 months) than it otherwise would have to allow him the opportunity to participate in the Bureau of Prisons' Residential Drug Treatment Program and earn a 12-month reduction in his sentence. (Docket No. 462.) For a number of reasons related to Petitioner's custody designation within the Bureau of Prisons, Petitioner became ineligible to participate in the drug treatment program and could not earn the anticipated 12-month reduction in his sentence. He therefore seeks to be resentenced to a lower term of imprisonment consistent with what he maintains was this Court's intention.

According to the Bureau of Prisons' Inmate Locator, Petitioner was released from custody on or about March 16, 2012.

### III. DISCUSSION

**A. The Petition**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

Because Petitioner has served his term of imprisonment and been released from custody, the justiciability of his petition is at issue. Article III, Section 2 of the United States Constitution requires that there be a case or controversy for a federal court to have proper jurisdiction over a claim. The United States Supreme Court recently reaffirmed this requirement, stating that '[i]t is a basic principle of Article III that a justiciable case or controversy must remain "extant at all stages of review, not merely at the time the complaint is filed."' United States v. Juvenile Male, – U.S. – , 131 S.Ct. 2860, 2864, 180 L.Ed.2d 811 (2011) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 67, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)).

In habeas cases, a petition must be dismissed as moot if the case-or-controversy requirement becomes unsatisfied at any point during the litigation. See Spencer v. Kemna,

523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983). A petitioner's release from custody alone, however, does not render a habeas petition moot. See United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999). The case or controversy remains if "collateral consequences" of the petitioner's conviction or sentence still "impinge on the petitioner post-release." Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002). For example, a habeas petition involving a conviction or sentence that has ongoing immigration consequences may remain a live case or controversy, despite the petitioner's release from custody or removal from the United States. See, e.g., Hatton-Pineda v. United States, Nos. 06-CR-285S, 08-CV-630S, 2012 WL 3822147 (W.D.N.Y. Sept. 4, 2012).

Here, the petition is moot because Petitioner has been released from custody and there are no collateral consequences stemming from his sentence. Petitioner seeks a reduction in the custodial portion of his sentence to account for what he maintains was this Court's original intention in sentencing. Even assuming that Petitioner's position is meritorious, he has served his sentence and been released from custody, thereby rendering the requests in his petition unnecessary and unable to be granted. The Petition must therefore be dismissed as moot.

**B.    Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that

the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted). Petitioner has made no such substantial showing of the denial of a constitutional right in this case. A certificate of appealability will therefore not be issued.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence is denied as moot. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction under 28 U.S.C. § 2255 (Docket No. 462) is DENIED as moot.

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, under 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

FURTHER, that the Clerk of Court is directed to close both 07-CR-187S and 10-CV-

933S.

SO ORDERED.

Dated: March 11, 2013
       Buffalo, New York

                                                  <u>/s/William M .Skretny</u>
                                                WILLIAM M. SKRETNY
                                                     Chief Judge
                                            United States District Court